United States District Court
For The District of Wyoming



UNITED STATES OF AMERICA,

V.

THEODORE WILSON CHAPUT.

AMENDED ORDER SETTING
CONDITIONS OF RELEASE

Case Number:  13-CR-18-S

The Court has been advised and has independently verified that the Defendant, Theodore Wilson Chaput has suffered a major stroke. The Court now finds that it is in the best interest of the Defendant and the public that he be released from custody on bond with special conditions. THEREFORE, IT IS HEREBY ORDERED that the Defendant be released and is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall be notified of the place and time of next appearance.

Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of Twenty Thousand dollars ($20,000.00) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED the release of the defendant is subject to the conditions marked below:

(6)     The defendant is placed in custody of:

**Thomas Chaput and Christina Gardner**
**Twin Falls, Idaho**

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of **release or disappears.**

Signed: _____
            - Custodian or Proxy

(7)     **The defendant shall:**

- be placed in third party custody of Tom Chaput and Christina Gardner.

- report to the U.S. Probation Office as directed.

- not violate any local, state, or federal law.

- immediately enter the rehabilitation program at Health South in Colorado Springs, Colorado. Once the defendant completes his rehabilitation he shall reside with his third party custodians, Tom Chaput and Christina Gardner, at their residence in Twin Falls, Idaho. He shall not move from their residence unless he is placed in the rehabilitation facility. Upon completion of the rehabilitation program, the defendant shall return to Tom Chaput and Christina Gardner's residence.

- not possess any computer. This includes any device which provides access to the internet.

- not have any unsupervised contact with any minor child under the age of 18 years old. All contacts with minor children must be in the presence of a responsible adult approved by the U.S. Probation Officer.

- not use, purchase or possess alcoholic beverages nor shall he enter establishments where the primary source of income is derived from the sale of alcohol.

- refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.

- submit to drug and alcohol testing as directed by the U.S. Probation Office. The defendant shall not obstruct or attempt to obstruct or tamper with, in any fashion, the collection, efficiency and accuracy of any substance abuse testing which is required as a condition of release.

- not possess, send or receive any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic or electronic signs, signals or sounds from any source, unless part of a treatment regimen. He shall not visit bulletin boards, chat rooms or other Internet sites where any pornographic, sexually oriented or sexually stimulating images or messages are discussed. He shall not send or receive e-mail or other documents discussing any pornographic, sexually oriented, or sexually stimulating images or messages. The defendant shall not utilize file sharing programs such as peer to peer networks for any reason.

- submit to a search of his person, residence, vehicle, computer or office based upon reasonable suspicion of a violation of the conditions of release.

- not travel outside of the District of Idaho unless it is to travel to the District of Wyoming for court appearances or to meet with his attorney. Any other travel outside of the District of Idaho requires prior permission from the U.S. Probation Office.

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years imprisonment and a $250,000 fine to tamper with a witness, victim, or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____   _____
Signature of Defendant                                                           City/State/Zip

### Direction to United States Marshal

- **The defendant is ORDERED released after processing.**

Date: July 26, 2013

_____
Kelly H. Rankin, Chief United States Magistrate Judge

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years imprisonment and a $250,000 fine to tamper with a witness, victim, or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____     _____
Signature of Defendant                                City/State/Zip

## Direction to United States Marshal

• **The defendant is ORDERED released after processing.**

Date: July 24, 2013                    _____
                                       Kelly H. Rankin, Chief United States Magistrate Judge